Thomas J. Omann, acting in pro per

c/o P.O. Box 623

Halfway, Oregon 97834

goodom@pinetel.com

541 742 2651

FILED 25 JAN '13 10:29 USDC-ORE

# UNITED STATES DISTRICT COURT
# OREGON DISTRICT
# EUGENE DIVISION

**Thomas J. Omann**

aka THOMAS J. OMANN, in pro per,

Plaintiff

Case No. 3:13CV-00140-PK

**COMPLAINT**

Federal Question Action

Securities Fraud

v.

**EDWARD D. JONES & CO**

aka EDWARD JONES,

Defendant

ORX600008038

Plaintiff Omann, acting *in pro per,* sues defendant EDWARD JONES in this civil claim for money damages, and states:

**JURISDICTIONAL ALLEGATIONS**

1. This Complaint for money damages exceeds ten million dollars.

2. All acts and conduct precedent to and material to this Complaint took place on The State of Oregon, AD 1857/1859.

3. The jurisdiction of this court is invoked under "federal question" jurisdiction, 28 USC 1331, and under the U.S. Securities and Exchange Commission, Rule 10b-5. Certified copies of relevant law can be produced as evidence upon request.

4. This court has jurisdiction over this Complaint.

**PARTIES**

5. At all times prior to and within the premises, Plaintiff was and is one of the People of The United States of America, made in the image of God and **beneficiary** to the unalienable rights and protections set forth under the treaty called the unanimous Declaration of the thirteen united States of America AD 1776, and the Fourth and Fifth "amendments", inter alia, of the Constitution of the United States first ratified and made effective by the People of the several

Complaint page 2

United States on or about AD 1788, and **beneficiary** to sworn oaths of fidelity and fiduciary duty lawfully administered to and executed by any and all judicial and executive officers and employees of said The United States of America and their political subdivisions who touch this issue.

6. Defendant is a legal fiction incorporated under the laws of The State of Missouri, and maintains a branch office on Eugene, The State of Oregon, and is licensed to do business under the laws of The State of Oregon AD 1857/1859.

Defendant JONES is not a party to privity, contract, or succession of contract with the *nul tiel* entity called "Internal Revenue Service".

**GENERAL ALLEGATIONS OF MATERIAL AND RELEVANT FACTS**

7. On or about September 26, 2011, Plaintiff Omann entered into an express fiduciary relationship with EDWARD D. JONES & CO (hereinafter "JONES") via a unilateral Agreement called "TRADITIONAL INDIVIDUAL RETIREMENT ACCOUNT CUSTODIAL AGREEMENT," in which defendant JONES, as creator, knowingly and intentionally offered to act as a custodian bank/trust company for the safeguarding and faithful management of the retirement account funds and

Complaint page 3

assets of plaintiff Omann.

8. Under said Agreement, defendant JONES assumed its custodial role in a fiduciary capacity for the benefit of trust beneficiary plaintiff Omann.

9. Fiduciary duties of defendant include, *inter alia*, a legal and ethical relationship of trust, in which it acts in good faith in giving aid, advice and protection of plaintiff's trust assets. It is held that good conscience requires the fiduciary to act at all times personally and morally responsible for the safeguarding of the beneficiary's property.

10. In said Agreement, defendant JONES expressed its intention of its employees to "act upon any instrument, certificate or form it believes is genuine and believes is executed or presented by the proper person or persons."

11. Also expressed in said Agreement, JONES promised "Depositor's interest in the balance in the Custodial Account is nonforfeitable".

12. Plaintiff relied upon and trusted defendant's above declarations of intention to lawfully comply with lawful procedural due process, and trusted defendant to serve as protector and custodian of his retirement funds under the premise of his "intangible right of honest services" and a solemn duty of fiduciary care as expressly declared by defendant.

Complaint page 4

13. Relying on defendant's implied and expressly-declared principles of fairness and honesty, plaintiff therefore caused to be deposited with defendant JONES his entire retirement account, well in excess of $114,000.

14. On or about August 23, 2012, Internal Revenue Service delivered to defendant JONES at its Eugene office a document identified as a "Notice of Levy".

15. Said "Notice" was unsworn and not affixed with any *genuine* signature by a **judicial** officer, and was in want of any visible lawful **judicial** authorization or evidence of lawful warrant in support, or any evidence of any other lawful procedural or substantive due process expressed on its face.

16. Defendant breached its fiduciary duty to protect plaintiff's *nonforfeitable* funds and proceeded to process said legally-defective "Notice" document as if it were an actual, authentic, genuine, lawfully-executed judicial "Levy", and sent a Notice to plaintiff of its **intention** to attach plaintiff's retirement funds in satisfaction of what it called "the Levy".

17. Plaintiff Omann timely responded to said Notice of Intent to Levy, and demanded that defendant JONES verify and certify that the alleged *claim* was lawful and valid, and to verify and certify that the presentment was *in fact* an actual lawful "Levy" resulting from a genuine, sworn judicial Warrant of Distraint,

Complaint page 5

and NOT a mere meaningless "Notice". Plaintiff expressly refused his consent to allow defendant to honor the defective instrument, and denied consent to any and all unlawful conduct that violated his protected beneficial due-process rights.

18. Plaintiff further offered defendant JONES a tacit self-assessment in favor of plaintiff in the sum of $10,000,000 (ten million dollars) for punitive damages for breach of fiduciary trust relations and failing in its duty to protect his retirement funds as agreed, should defendant wrongly act to satisfy said fatally-defective "Notice" after plaintiff's good-faith notice of defective, **non-judicial** process.

19. Defendant failed and neglected to deny or refuse or rebut said self-assessment.

20. On or about October 5, 2012, defendant JONES, after **failing its fiduciary duty** to make reasonable and necessary inquiry and *factual determinations* as to the lawfulness and judicial authority of said "Notice", then sent to plaintiff a "NOTICE OF SATISFACTION OF LEVY OR GARNISHMENT" wherein JONES stated that it had *intentionally* paid the sum of $130,584.09 from plaintiff's holdings to "IRS Department of Treasury" "in accordance with the terms of the Notice of Levy".

21. The actual instructions on said "Notice of Levy" expressly required that all proceeds resulting from said seizure were to be paid only to an entity called "United States Treasury", not an unknown *nul tiel* entity called "IRS Department

Complaint page 6

of Treasury".

22. The fictional entity "IRS Department of Treasury" was **not** the actual, identical entity presenting said "Notice of Levy" to defendant, and had made no claim against the property of plaintiff.

23. Further sums were seized from plaintiff and held by defendant in relation to this wrongful taking, but the amounts will not be known until discovery is made.

24. Said intentional, knowing taking in the clear absence of evidence of sworn warrants and judicial due process constitutes a seizure of private property in direct violation of the protections set forth in the Fourth and Fifth "Amendments" to The Constitution of the United States, to which plaintiff is beneficiary.

25. A "Notice of Levy" is a mere piece of paper that has no legal meaning or effect in this instant case involving a man in his private capacity, and any reasonable person with notice and with knowledge of the law would have good cause under his fiduciary duty to research and find that said "Notice" is not identical or even similar to an actual, authentic lawful judicial "Levy" issued upon a sworn Warrant of Distraint, as set forth in United States v. O'Dell, 160 F.2d 204, 207, in harmony with the Constitutional protections of procedural due process.

26. The said IRS "Notice of Levy" delivered to defendant contained reference to

Complaint page 7

Internal Revenue Code section 6331 as the alleged "authority" upon which it relies for this instant "levy", and defendant had superior legal knowledge and duty and notice and sufficient opportunity and resources and instruction (from plaintiff) to read and to understand and comply with all of said IRC section 6331.

27. Said IRC 6331, in paragraph (a), declares that the *only* procedural use of a process called "Notice of Levy" is against *accrued wages* held by the **employer** of a **federal employee**.

28. Plaintiff Omann is not a federal employee, and defendant EDWARD JONES is not his federal employer, and plaintiff had no "accrued wages" within the custodial holdings of defendant.

29. Defendant is in breach of its fiduciary duty and promise to plaintiff, and acts as an accommodation party in an on-going fraud, and/or, in the alternative, in collusion as a co-conspirator to defraud plaintiff of his trust assets.

30. Plaintiff met his duty of exhausting his administrative remedies prior to filing this case in this court, and comes to this court with "clean hands", having several times advised defendant of the relevant law and factual requirements of a lawful "levy" which were not found within the four corners of said "Notice of Levy."

31. Plaintiff suffers emotional and mental and financial distress, and maintains an on-going interest in this matter sufficient to maintain concrete adverseness.

Complaint page 8

32. No *state of emergency* exists within the premises, and defendant has failed to declare any other possible justification or lawful authority to breach its solemn fiduciary duties to plaintiff.

**CONCLUSION**

33. Said "Notice of Levy" was not issued by lawful judicial process, and is unsworn and is not collateral to a required lawful Warrant of Distraint. A "Notice" is not a "Levy", and cannot substitute for such when a taking of the private property of a beneficiary to a fiduciary relationship and beneficiary to the unalienable protections set forth in the U.S. Constitution is involved.

34. Defendant acted intentionally, knowingly, wrongly and with malicious intention to violate and did violate its fiduciary duty to lawfully protect the *nonforfeitable* retirement funds and other interests held in trust in its custody and belonging to plaintiff.

35. Said wrongful, negligent, intentional unconstitutional takings violate plaintiff's *unalienable* protected right to procedural due process, which require **sworn warrants** and **judicial acts** prior to issuance of warrant leading to seizure of private property.

36. Said intentional, fraudulent, insidious, wrongful takings and **breach of the implied promise of fair and honest fiduciary trust duties** give rise to

Complaint page 9

violation of Rule 10b-5 (c) of the U.S. Securities Exchange Commission.

37. Defendant wrongfully delivered the proceeds from the wrongful seizure to a *nul tiel* party that had no known interest or legal connection to the party actually tendering the defective process.

38. Plaintiff reserves the right to amend this civil complaint upon discovery results which are anticipated to evidence an on-going racketeering scheme between defendant JONES and the IRS or other entities and employees to defraud beneficiary/clients by routinely colluding and conspiring in the deceptive taking of custodial private property of others through the fraudulent use of a mere **unenforceable** "Notice" in place of a lawful "Levy".

**PRAYER**

39. Wherefore, plaintiff Omann seeks substantial justice and requests money damages as follows:

40. Restitution of the full amount of all monies (to be determined through discovery, and expected to exceed $134,000, plus lawful interest) wrongfully seized from said retirement account, in violation of procedural due process,

41. Compensatory damages for fraud under SEC Rule 10b-5(c) in the sum of three times the above amount,

42. Punitive assessments in the sum of eight times the above amount as penalty

for reprehensible, intentional, malicious, negligent misconduct and wrongfully-inflicted emotional, mental, and financial injury,

43. In addition to, or, in the alternative if this court does not award the above, ten million US dollars ($10,000,000), as tacitly consented by defendant for deliberately and knowingly and maliciously failing to verify/certify the authenticity and lawfulness of said legally-insufficient Notice of Levy, and for failing in its fiduciary duties in violation of its agreement and plaintiff's instructions and refusal to consent, delivered timely to defendant prior to its seizure of funds.

44. Other appropriate relief as determined by this court after reviewing the seriousness of defendant's misconduct, and its malicious and reckless and negligent disregard of its fiduciary duties, and the resultant hardships and mental and emotional distress and the future financial survival of plaintiff as he tries to live out his remaining life without the security of his hard-earned retirement funds.

This court is requested to liberally construe this *pro se* complaint.
//////////
//////////
//////////
//////////

Complaint page 11

Respectfully submitted this 22 day of January, 2013.

_____
Thomas J. Omann, Plaintiff, in pro per

Verification:

Under pains and penalities of the laws of The United States of America, I aver that I am the author of the above Complaint, and that all facts contained therein are personally known to me, and they are true as I verily know.

_____
Thomas J. Omann

Complaint page 12