IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


THOMAS J. OMANN,                              Case No. 6:13-00140-TC

       Plaintiff,                              ORDER

   v.

EDWARD D. JONES & CO.,

       Defendant.

_____

AIKEN, Chief Judge:

    Before the court is plaintiff's second motion to strike and motion for disqualification of the presiding judge in this action, Magistrate Judge Coffin. Both motions are denied.

    Pursuant to 28 U.S.C. § 636(b), the talents of magistrate judges are fully utilized in this District and generally are assigned civil cases in the same manner as district judges. Even if a party does not consent to trial by a magistrate judge, the case remains assigned to the magistrate judge for resolution of most

1 - ORDER

pretrial matters. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In other words, regardless of plaintiff's preference for a different judge, Magistrate Judge Coffin retains the full authority to preside over pretrial matters in this case.

Moreover, plaintiff sets forth no facts to support recusal. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Generally, the alleged bias must derive from an "extrajudicial source" to justify recusal. Liteky v. United States, 510 U.S. 540, 554 (1994). Plaintiff identifies no bias, extrajudicial or otherwise, on the part of Magistrate Judge Coffin. At most, plaintiff disagrees with the denial of his motions to recuse and to strike. However, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555.

Finally, plaintiff fails to present any legal authority to support his motion to strike. Plaintiff seeks to strike all documents filed by defendant's counsel absent evidence that counsel has an "agency" relationship with defendant. However, defense counsel has appeared in this action on behalf of defendant, and though it is not necessary for the court's ruling, he has filed a

2 - ORDER

sworn affidavit stating that he and his law firm represent the defendant in this matter. Sand Aff. (doc. 23). Any further motions challenging the status of defense counsel will not be considered by the court and defendant need not respond to them.

Accordingly, plaintiff's Motions for Disqualification and to Strike and for Judicial Intervention (docs. 20, 21) are DENIED. Given his pro se status, plaintiff is afforded one last opportunity to respond to defendant's pending motion and is ordered to show cause within **11 days** from the date of this order why defendant's Motion to Compel Arbitration and Stay proceedings should not be granted. **Failure to do so will result in dismissal of this action for failure to prosecute and failure to follow a court order**.

IT IS SO ORDERED.

Dated this 7th day of June, 2013.

_____
Ann Aiken
United States District Judge

3 - ORDER